FILED
CLERK
1/14/2020 5:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DEBBIE WOODLEY *on behalf of*
*herself and all others similarly situated*,

                Plaintiff,

   -against-

DESOCIO & FUCCIO, P.C. and JERALD
J. DESOCIO,

              Defendants.
--------------------------------------------------------X

**ORDER**
19-CV-3891 (JMA) (GRB)

**AZRACK, United States District Judge:**

    On July 5, 2019, plaintiff initiated a civil action against the defendants by filing a Proposed Summons and Complaint. (ECF Nos. 1–3.) The Clerk of the Court issued Summons as to each of the defendants on July 8, 2019. (ECF Nos. 6, 7.) The Summons were never returned executed. On December 11, 2019, this Court issued a Status Report Order, directing plaintiff to file a status report by January 10, 2020. (Electronic Order, 12/11/2019.) Plaintiff was warned that failure to respond to the Order may result in dismissal of the case for failure to prosecute.

    To date, plaintiff has not responded to the Status Report Order, filed proof of service of this action on defendants, or otherwise communicated with the Court.

    Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was filed in July 2019 and to date, plaintiff has failed to file proof of service on defendant, respond to this Court's Order, or otherwise prosecute this action. The Court warned plaintiff that failure to respond to the December 11, 2019 Order could result in the dismissal of the case. The Court has considered the relevant factors and concludes that plaintiff's failure to comply with this Court's Order, file proof of service on defendants, or otherwise communicate with the Court warrants dismissal. Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed to mark this case closed.

**SO ORDERED.**

Dated: January 14, 2020
Central Islip, New York

                                                /s/ JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE